IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Bacchus, #315173, ) | |
| ) | Civil Action No. 6:10-2857-HMH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Department of ) | |
| Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motions to compel (docs. 41, 44) and motion to continue (doc. 43). The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Specifically, the plaintiff alleges excessive force and claims that on June 1, 2009, the defendants used a chemical munition (Mace) and beat him after he attacked a correctional officer with a lock tied to a string (comp. at 5).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion to compel filed on February 25, 2011 (doc. 41), the plaintiff asks that the court compel the defendants to produce certain documents he requested on January 10, 2011. In their responses to the plaintiff's requests for production, the defendants objected to the requests as untimely. The defendants also objected to certain requests for copies of SCDC policies because security concerns were implicated. The defendants filed a response to the motion to compel, arguing that because the requests required responses by February 14, 2011, and dispositive motions were due on February 7,

2011,[1] the requests were untimely as "[d]iscovery should terminate prior to the deadline to file dispositive motions."  In his motion to compel filed on March 8, 2011 (doc. 44), the plaintiff asks that the court compel the defendants to respond to interrogatories served on defendants Major Dean, Lt. Commander, and Lt. Hancock, on January 19 and 24, 2011.  The defendants also objected to the interrogatories as untimely.

In his requests for production, the plaintiff seeks the following documents that appear to this court to be relevant to his allegations in this case:  his medical records from June 1, 2009, to the present (request no. 1);[2] Use of Force Report Forms written by Lt. June, Lt. Hancock, Sgt. Roach, Ofc. M. Williams, Ofc. Simon, and Lt. Commander on June 1, 2009 (request nos. 2-7); Incident Reports written by Sgt. Roach, Lt. Hancock, and Ofc. M. Williams on June 1, 2009 (request nos. 16-18); and copies of pictures taken of the plaintiff by Inv. Greer on June 2, 2009 (request no. 14).  The plaintiff has not yet responded to the motion for summary judgment.[3]  Despite the untimeliness of the plaintiff's requests, this court finds that certain limited discovery is appropriate.  The defendants are directed to provide the foregoing documents to the plaintiff on or before March 31, 2011.  The plaintiff's motion to compel responses to his remaining requests to produce (request nos. 8-13, 15, 19-22, 23) is denied, and his motion to compel responses to interrogatories is also denied.

On March 4, 2011, the plaintiff filed a "motion for continuance" pursuant to Federal Rule of Civil Procedure 56(d), stating that he is unable to adequately respond to

---

[1] This court issued an order on February 8, 2011, noting that the defendants had not filed dispositive motions by that date.  The order gave the defendants until February 23, 2011, to file their dispositive motion.  The defendants filed their pending motion for summary judgment (doc. 38) on February 23, 2011.

[2] The defendants filed the plaintiff's medical records as Exhibit F to their motion for summary judgment.  The defendants need only provide the plaintiff with documents in his medical record that were not included in that exhibit, if any.

[3] The plaintiff's response to the motion for summary judgment is currently due on or before March 31, 2011.

2

the motion for summary judgment without the requested discovery. This court construes that motion as a motion for extension of time to respond to the motion for summary judgment. As the defendants are directed to provide the plaintiff with certain limited discovery as discussed above, the plaintiff's deadline for responding to the motion for summary judgment is hereby extended to April 25, 2011.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to compel (doc. 41) is granted in part and denied in part as set forth above, and the plaintiff's request for sanctions is denied. The plaintiff's motion to compel (doc. 44) is denied. Furthermore,

IT IS ORDERED that the plaintiff's motion (doc. 43) is granted, and his deadline for responding to the motion for summary judgment is extended to April 25, 2011. No further extensions will be granted.

The plaintiff is advised that if he fails to respond to the motion for summary judgment by April 25, 2011, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

IT IS SO ORDERED.

                                        s/Kevin F. McDonald
                                        United States Magistrate Judge

March 18, 2011

Greenville, South Carolina