IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Bacchus, #315173, ) | |
| ) | C.A. No. 6:10-2857-HMH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Lt. Scarborough, Lt. Richardson, Lt. Rogers, ) | |
| Lt. Goodman, Sgt. Johnson, Lt. Mims, ) | |
| Sgt. Roach, Sgt. Anderson, ) | |
| Sgt. Scarborough, Ofc. Epps, Ofc. Gerbode, ) | |
| Ofc. Silimon, Ofc. Simon, Ofc. M. ) | |
| Williams, Ofc. York, Ms. S. Roberts, ) | |
| Mr. Carter, Mr. Polietman, Lt. June, S.C. ) | |
| Dept of Corr., Robert Ward, Deputy ) | |
| Commissioner of Operations, Inspector ) | |
| General Dan Murphy, IGC A. Hardin, ) | |
| Dr. Stahl, Nurse Lorimer, Warden Padula, ) | |
| A-W Bell, A-W Brooks, Major Dean, ) | |
| Captain R. Johnson, Captain Thomas, ) | |
| Lt. Hancock, Lt. Commander, Lt. Stewart, ) | |
| in their official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] David Bacchus ("Bacchus"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendants violated his constitutional rights. Defendants filed a motion for summary judgment on February 23, 2011. On May 19, 2011, Bacchus moved for an entry of default. Magistrate Judge McDonald recommends granting Defendants' motion for summary judgment and denying Bacchus' motion for entry of default. For the reasons explained below, the court adopts the Report and Recommendation, grants Defendants' motion for summary judgment, and denies Bacchus' motion for entry of default.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2009, approximately sixty-four unrestrained inmates at Lee Correctional Institution ("LCI") were assembled in the lower tier of the prison's south wing to receive their spring packages. (Compl. 2; Def. Mem. Supp. Summ. J. 1-2.) Lieutenant Cedric June ("June"), an LCI correctional officer, was calling inmates individually from their cells to line up to receive their spring packages. (Def. Mem. Supp. Summ. J. 1-2.) Bacchus, an inmate currently serving an eighteen-year term of imprisonment for voluntary manslaughter, approached June from behind and struck him twice on the back of the head with a lock tied to the end of a string. (Compl. 2; Def. Mem. Supp. Summ. J. Ex. B (June Aff. ¶ 3).) Sergeant Jimmie Williams ("Williams") observed the assault, brandished his cannister of chemical munitions, and confronted Bacchus. (Def. Mem. Supp. Summ. J. Ex. C (Williams Aff. ¶ 4).) Bacchus swung the lock toward Williams but hit the cannister of chemical munitions, causing it to explode and fill the room with gas. (Id. Ex. C (Williams Aff. ¶ 5).) With the lock tied to his hand, Bacchus fled to the prison's upper tier. (Id. at 2; Compl. 2.) June ran to the opposite staircase attempting to foreclose Bacchus' escape. (Def. Mem. Supp. Summ. J. Ex. B (June Aff. ¶ 7).) Lieutenant Thomas Commander ("Commander") proceeded to the upper tier to assist June. (Id. Ex. D

(Commander Aff. ¶ 3).) The officers apprehended Bacchus on the upper tier. (Id. at 2.) Bacchus alleges that while he was being restrained, June "dropped his knee" on Bacchus' face, causing a laceration to his eyebrow and bottom lip. (Compl. 2.) He was escorted to the prison nurse who treated his minor wounds. (Id.; Def. Mem. Supp. Summ. J. 3.) June was transported to the emergency room and received eight stitches to the back of his head. (Def. Mem. Supp. Summ. J. 3.)

Bacchus commenced this § 1983 action on November 9, 2010, raising claims for excessive force, failure to protect, and deliberate indifference to a serious medical need. He seeks $100,000.00 in compensatory damages and $20,000.00 in punitive damages against each defendant.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B.  Objections

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Bacchus' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  The court, however, was able to glean three specific objections: (1) Defendants are not entitled to summary judgment on his excessive force claim; (2) Defendants are not entitled to summary judgment on his failure to protect claim; and (3) the magistrate judge erroneously concluded that Defendants are entitled to qualified immunity.

1. Excessive Force

Bacchus first objects to the magistrate judge's conclusion that Defendants are entitled to summary judgment on his claim for excessive force, contending that the force used while he was being restrained was unconstitutionally excessive.  The court disagrees.

Given the "ever-present potential for violent confrontation and conflagration" in prison settings, measures taken by prison officials to prevent internal disturbances are "accorded wide-ranging deference."  Whitley v. Albers, 475 U.S. 312, 321 (1986).  Whether there is an Eighth Amendment violation in the context of a prison disturbance turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010).  The predominate focus is not on the extent of the injury but rather the nature of and justification for the inflicted force.  Id. at 1179.  In determining whether a prison official's actions were carried out "maliciously and sadistically," the court is guided by the following factors:  (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them."  Whitley, 475 U.S. at 321.  When reviewing the actions of correctional officers, the court must refrain from "critiqu[ing] in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of second chance."  Id. at 320.

With respect to the first Whitley factor, it is undisputed that Bacchus assaulted two correctional officers with a lock tied to a string and then fled with the weapon to the upper tier of the prison.  It is also uncontested that during the attack and while prison officials were

attempting to apprehend Bacchus, sixty-four inmates were unrestrained on the prison's bottom tier and chemical munitions had been dispersed into the air. These facts alone demonstrate that prison officials had a legitimate and justifiable need to invoke force to suppress a dangerous, armed, and insubordinate inmate. Consequently, the first factor weighs in favor of Defendants.

The second Whitley factor similarly fails to advance Bacchus' claim that June's actions were undertaken maliciously and sadistically to harm. Bacchus alleges that June "dropped his knee on [Bacchus'] face splitting his right eyebrow and busting his bottom lip."[2] (Compl. 2.) Despite his admission that he struck June twice in the back of the head with a lock and attempted to evade prison officials by fleeing to the prison's upper tier, Bacchus maintains that "[a]ny use of force" under the circumstances would be unconstitutionally excessive. (Pl. Objections 2.) The court cannot agree. The force was inflicted while he was being restrained, and although Bacchus maintains that he complied with officers' directives to lay down, prison officials averred that Bacchus did not acquiesce to their commands until they "clos[ed] in" on him. (Def. Mot. Summ. J. Ex. D (Commander Aff. ¶ 4) & Ex. E (Dean Aff. ¶ 4) & Ex. B (June Aff. ¶ 7).) Given the context in which the prison disturbance occurred and the manifest need for prison officials to subdue Bacchus as expeditiously as possible, the court finds that June's application of force was not incommensurate with the force needed to end the prison disturbance.

---

[2] Bacchus also claimed that June kicked him in the head causing a deep laceration to the back of his head. (Compl. 6.) The magistrate judge, however, discounted this allegation, noting that "his own witnesses do not mention this, and the medical records do not indicate that the plaintiff told the nurse that he had such an injury." (Report & Recommendation 10-11.) Bacchus fails to raise any specific objection to this portion of the Report and Recommendation, nor does he produce any additional evidence supporting his version of the facts.

The third Whitley factor further supports Defendants. Bacchus received medical attention immediately after he was restrained. (Compl. 2.) According to prison medical records, the nurse noted the presence of a "small cut" above his right eye, and it was treated with Dermobond and a band aid. (Def. Mem. Supp. Summ. J. Ex. F (Medical Records at 5).) The nurse further "noticed slight damage to the mucous membranes" on Bacchus' lower lip but stated that no treatment was needed. (Def. Reply Mot. Summ. J. Ex. G (Lorimer Aff. ¶ 3).) These minor injuries undermine Bacchus' claim that the inflicted force was unconstitutionally excessive.

The final Whitley factor weighs heavily in Defendants favor. June averred that Bacchus' prison unit "was notorious for attacks on correctional officers" and that "[i]nmates in the unit had previously ganged up on and beaten an officer." (Def. Mem. Supp. Summ. J. Ex. C (June Aff. ¶ 2).) Given that Bacchus attacked two prison guards and was armed, it is entirely reasonable that prison guards perceived him as a threat to their safety. Furthermore, the presence of sixty-four unrestrained inmates bolstered the officers' need to end the disturbance quickly and prevent any further disorder.

Viewing the evidence in a light most favorable to Bacchus and drawing all inferences in his favor, the court finds that he is unable to show that June's use of force was malicious and sadistic rather than a good faith effort to restore discipline and prevent additional disorder. Defendants, therefore, are entitled to summary judgment on Bacchus' excessive force claim.

### 2. Deliberate Indifference to Inmate Safety

Bacchus contends that Defendants were deliberately indifferent to his safety because they witnessed June strike him but failed to provide assistance. (Pl. Objections 3.) An inmate

7

alleging an Eighth Amendment claim must demonstrate that (1) he was objectively denied "the minimal civilized measure of life's necessities" and (2) the officers had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). When a plaintiff's Eighth Amendment claim is premised upon prison officials' failure to prevent harm, the objective prong is satisfied by showing that the inmate was "incarcerated under conditions posing a substantial risk of serious harm." Id. Under the subjective prong, a plaintiff must show that the prison official knew of and disregarded "an excessive risk to inmate health or safety." Id. at 837.

Bacchus' failure to protect claim is patently without merit. As the magistrate judge explained, the only harm that Bacchus suffered occurred after he attacked and seriously wounded a correctional officer and while he was being restrained by prison officials. (Report & Recommendation 15.) Because Bacchus' own actions caused the events that resulted in his harm, he cannot plausibly show that Defendants were aware of but disregarded a substantial risk of serious harm. Consequently, his Eighth Amendment failure to protect claim fails.

### 3. Qualified Immunity

Bacchus next objects to the magistrate judge's conclusion that summary judgment is proper because Defendants are entitled to qualified immunity. (Pl. Objections 3-4.) Because the court agrees with the magistrate judge that Bacchus' allegations plainly fail to establish that Defendants violated his constitutional rights, Defendants are entitled to qualified immunity. Wilson v. Flynn, 429 F.3d 465, 467 (4th Cir. 2005).

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 38, is granted.  It is further

**ORDERED** that Bacchus' motion for entry of default, docket number 83, is denied.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 22, 2011

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.